**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOSEPH J. FALCETTA** | § | |
| | § | |
| **V.** | § | **1:25-CV-1757-RP** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

# ORDER

Before the Court are Plaintiff Joseph J. Falcetta's complaint (#1), Plaintiff's Petition for Summary Judgment (#18), Defendant United States of America's Motion to Dismiss (#19) and Plaintiff's response (#20). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

### A. Plaintiff's Allegations

At the time he filed his complaint Plaintiff was in custody of the Bureau of Prisons (BOP) at the Federal Correctional Institution in Bastrop, Texas. Plaintiff has since been transferred to a Residential Reentry Management Center (RRM) in preparation for his release from custody. Plaintiff brings claims pursuant to the Federal Tort Claims Act (FTCA).

Plaintiff served in the Army from May 14, 1991, to September 12, 1991. On October 6, 2022, Plaintiff filed a claim for benefits with the Veteran's Administration (VA) for a claim of tinnitus. On November 13, 2022, Plaintiff contends he emailed the Unit Manager, F. Massey, regarding a pending medical evaluation exam that was required by the VA for Plaintiff's

application for benefits. Massey did not respond to Plaintiff's email. Plaintiff contends that the BOP requires that its institutions allow inmates the opportunity to receive VA medical examinations. Plaintiff claims, however, that this rule was not followed in his case. On November 14, 2022, the VA issued a decision on Plaintiff's claim stating "[s]ervice connection for tinnitus is denied." The claim was denied in part due to the VA's inability to complete an exam to establish Plaintiff's level of disability and its relationship to his service. The decision also noted that another examination could be scheduled.

Plaintiff submitted an administrative claim on November 7, 2024, which was received by the BOP on November 12, 2024. FCI Bastrop conducted an investigation regarding Plaintiff's administrative claim and had reached out to the VA on February 23, 2023, but Plaintiff's Case Manager had not received any communication from the VA. On July 22, 2024, Health Services Administrator Stephanie Hodges received an email from the VA and Hodges helped facilitate an examination for Plaintiff on August 20, 2024. Plaintiff acknowledges he received a medical examination on August 20, 2024, but he contends it was for a different VA claim related to his knees, low back, and hearing loss, not tinnitus. Plaintiff's administrative claim was denied on June 5, 2025.

Plaintiff also contends that he was scheduled for a telephone hearing with the VA on October 3, 2025, but that the prison unit did not allow him to conduct this call. BOP acknowledges that, due to the government shutdown at the time, Plaintiff's telephone hearing with the VA was missed on this date. However, the record shows the call was rescheduled and took place on February 18, 2026. Plaintiff contends, however, that the record is incorrect and this call never took place. Plaintiff had an in-person VA exam on March 20, 2026.

Plaintiff argues that the BOP has caused him to lose two VA claims, resulting in negative effects on his medical care and financial compensation. Plaintiff sues the United States. Plaintiff seeks $75,000 in damages, and an injunction forbidding retaliation and requiring BOP to refrain from such actions in the future.

B. Plaintiff's Motion for Summary Judgment

Plaintiff moved for summary judgment on May 22, 2026, asserting that Defendant's responsive pleading was due by May 18, 2026. Plaintiff argued that, because Defendant had failed to timely answer the suit, he was entitled to judgment in his favor. However, Plaintiff's calculation of the dates for a response was incorrect. While the Court ordered service on March 10, 2026, Defendant was required to respond within 60 days after they received service, not 60 days after the Court ordered service. Service was not received by Defendant until March 30, 2026, thus making their responsive pleading due by May 29, 2026. Defendant timely filed their motion to dismiss on May 26, 2026. Thus, Plaintiff's motion for summary judgment is denied.

C. Defendant's Motion to Dismiss

Defendant argues that Plaintiff's claims are barred by the Veterans Judicial Review Act (VJRA). The VJRA creates the exclusive review process for claims involving VA benefits. Under the VJRA, any appeal of a benefits decision must be made through the Board of Veterans' Appeals (VBA). Should a veteran wish to appeal the VBA decision, the only avenue is an appeal to the Court of Appeals for Veterans Claims. Following that, a veteran may seek federal court review in the United States Court of Appeals for the Federal Circuit and then in the Supreme Court of the United States. Because Plaintiff asks this Court to analyze a VA decision on benefits, Defendant argues, this Court lacks jurisdiction under the VJRA. Defendant also

contends that Plaintiff's claims are moot because Plaintiff has now received the examination he claims was denied.

Plaintiff responds that he is not challenging the VA decision, but instead challenging the BOP's failure to comply with their own policies and allow him to attend the VA examination, thus leading to the denial of his benefits by the VA. Plaintiff contends generally that the BOP continues to interfere with inmate's interactions with the VA. Plaintiff also reiterates his contention that the telephone hearing on February 18, 2026, did not take place, resulting in a VA letter to Plaintiff on May 21, 2026, notifying him that he had missed another exam. Further, Plaintiff explains that he is also making a claim for retaliation.

## DISCUSSION AND ANALYSIS

### A. Motion to Dismiss

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). A finding that the court lacks subject matter jurisdiction may be based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera—Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

### B. Lack of Jurisdiction

To the extent that Plaintiff makes claims for alleged constitutional violations, including retaliation, against the United States, such claims are barred by the doctrine of sovereign

immunity. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (finding there is no direct cause of action for damages against a federal agency because of sovereign immunity). Therefore, the Court lacks jurisdiction over Plaintiff's constitutional claims.

As for Plaintiff's FTCA claim, the government waives their sovereign immunity under the FTCA for certain acts. 28 U.S.C. §§ 1346, 2671-80. However, the FTCA is an inherently limited waiver of sovereign immunity and consents to suit for money damages for personal injury, property damage, or death "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." U.S. v. Muniz, 374 U.S. 150, 153 (1963). The FTCA does not waive immunity for the claims Plaintiff brings in this case, because Plaintiff's claims are subject to the VJRA.

Congress has created an exclusive review process for claims involving VA benefits in the VJRA, 38 U.S.C. § 511(a). A veteran's initial request for benefits is processed at VA regional offices, under the authority of the Secretary of Veterans Affairs. 38 U.S.C. § 511(a) ("The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits."). Assuming that any decision by the VA regarding Plaintiff's benefits was final, any appeal of this determination of benefits must be made through the Board of Veterans' Appeals ("VBA"). 38 U.S.C. §§ 7104–7105. The VBA has exclusive jurisdiction over VA benefit decisions. 38 U.S.C. § 7104(a). When the VBA denies a veteran's claim, the veteran may only appeal the decision to the Court of Appeals for Veterans Claims. 38 U.S.C. § 7252(a). After a decision from the Court of Appeals for Veterans Claims, the veteran may then seek federal court review in the United States Court of Appeals for the Federal Circuit.

38 U.S.C. § 7292. Finally, the veteran may seek certiorari to the Supreme Court of the United States. 38 U.S.C. § 7292(c). Plaintiff has not followed these procedures.

While Plaintiff contends that he is pursuing retaliation claims and suing BOP for failing to follow their policies, any such adjudication on those claims by this Court would require the Court to engage in an analysis of the VA's ultimate decision on Plaintiff's benefits in order to determine the damages Plaintiff actually suffered. When a case involves questions of law or fact "related to the VA's benefit decisions those are issues that section 511 places outside the district court's jurisdiction." *King v. United States Department of Veterans Affairs*, 728 F. 3d 410, 413 (5th Cir. 2013). The VJRA strips district courts from making any determinations that affect the provision of benefits by the VA. *Id.*

Here, Plaintiff's claims are inextricably linked to the VA's denial of benefits. To assess Plaintiff's claims, the Court would have to analyze the VA's decision, including the finding that "this condition neither occurred in nor was caused by service," and that "service records contain no findings of tinnitus . . . there is no record of an audiometric test at discharge. Your service treatment records were otherwise silent for any complaints, treatment, or diagnosis of tinnitus." See Ex. A, Att. 4 at 7. Section 511(a) of the VJRA ensures uniformity and precludes review of benefits determinations in federal district courts. *Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995). Because Plaintiff's claim involves questions regarding benefit decisions by the VA, this Court lacks jurisdiction to consider his claim.

C. <u>Mootness</u>

To the extent that the Court retains any jurisdiction over Plaintiff's claims for injunctive relief, they are dismissed as moot.[1] Article III of the Constitution limits federal-court jurisdiction

---

[1] Defendants contend that Plaintiff's claims are moot because he received a telephonic hearing with the VA on February 18, 2026. Defs. Ex. 1, attach. 6. Plaintiff contends that evidence is false

to actual controversies and live controversies. U.S. Const., Art. III, § 2. The actual controversy requirement must exist "at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006) (per curiam). A claim is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Because a moot case presents "no Article III case or controversy, a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999).

Where, as here, an inmate seeks injunctive relief, his transfer out of the complained of facility moots his claims. *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that inmate's request for injunctive and declaratory relief became moot when inmate was transferred out of the complained-of prison facility); *Walters v. Livingston*, 642 F. App'x 416, 418 (5th Cir. 2016) (per curiam) (affirming dismissal of prisoner's freedom-of-religion claims as proper because inmate's claims became moot upon his release from prison); *Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (affirming dismissal of claims seeking injunctive relief when inmate was no longer housed at complained-of prison facility). Here, Plaintiff is no longer housed at FCI Bastrop, but is instead housed at an RRM facility. Therefore, Plaintiff's claims for injunctive relief forbidding retaliation and requiring BOP to refrain from such actions in the future are moot.

---

and the hearing never occurred. Thus, at this stage, the Court cannot determine that Plaintiff's claims are mooted by his later VA hearings. Nonetheless, as discussed above, his claims are all dismissed for lack of jurisdiction.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Petition for Summary Judgment (#18) is **DENIED**.

It is further **ORDERED** that Defendant United States of America's Motion to Dismiss (#19) is **GRANTED**.

It is finally **ORDERED** that all other pending motions are **DISMISSED.**

SIGNED on August 18, 2026**.**

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE